THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY W. HOPKINS,<br><br>     Plaintiff,<br><br>     v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>     Defendant. | CASE NO. C15-2014-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Anthony Hopkins's motion to compel discovery responses (Dkt. No. 17). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part Plaintiff's motion (Dkt. No. 17) for the reasons explained herein.

I.   BACKGROUND

This case arises out of Defendant State Farm's alleged bad faith handling of Plaintiff's personal injury claim with State Farm's insured, Michael Teeter. (*Id.* at 1–2.) Plaintiff was injured in a collision with Mr. Teeter on January 7, 2011. (Dkt. No. 1-2 at 1.) Plaintiff required surgery as a result of the accident and made a demand of State Farm for the policy limit of $25,000 on March 6, 2014 and June 24, 2014. (Dkt. No. 21-1 at 2.) He received no response from State Farm. (*Id.*) On May 15, 2015, Mr. Teeter and Plaintiff entered into a settlement

agreement in which Plaintiff agreed not to hold Mr. Teeter personally liable for any excess judgment over the $25,000 policy limit in exchange for, among other things, an assignment of all of Mr. Teeter's "rights, privileges, claims and causes of action that he may have against his insurer." (Dkt. No. 21-3 at 6, 8.) On May 29, 2015, Plaintiff served State Farm with the required 20-day notice of intent to sue under Washington's Insurance Fair Conduct Act (IFCA). (Dkt. No. 21-4). The notice letter afforded State Farm the opportunity to resolve all claims and causes of action prior to the initiation of suit. (*Id.* at 7.) State Farm declined on June 15, 2015, and this lawsuit followed. (Dkt. No. 21-5; Dkt. No. 1-2.) Plaintiff served Defendant with the first set of interrogatories and requests for production on May 2, 2016. (Dkt. No. 18 at 6–16.)

Defendant objected to interrogatories 7–10, arguing that because they contained subparts, they exceeded the 25 interrogatory limit of Federal Rule of Civil Procedure 33. (Dkt. No. 17 at 4.) State Farm also objected to interrogatory 10, which asks if Mr. Teeter failed to cooperate in State Farm's administration of the claim, on the basis of attorney-client privilege and work-product protection. (*Id.* at 9–10.) In response to other interrogatories and requests for production, State Farm failed to produce information relating to claim evaluation, reserves, and settlement authority granted to claims adjusters. (*Id.* at 8–9.) Finally, in an attempt to "claw back" an internal report, emails regarding the report, and redact claim file notes previously produced, State Farm asserts attorney-client privilege and work-product protection. (*Id.* at 5–9.)

Plaintiff moves the Court to compel State Farm to produce the above requested documentation and information.

## II. DISCUSSION

### A. Discovery for Insurance Bad Faith Claims

In Washington State, the application of attorney-client privilege and work-product protection is severely limited in the context of an insurance bad faith claim. *Cedell v. Farmers Ins. Co. of Washington*, 295 P.2d 239, 246 (2013). Courts start from the "presumption that there is no attorney-client privilege relevant between the insured and the insurer in the claims adjusting

process, and that the attorney-client and work product privileges are generally not relevant." *Id.*

This is because

> the insured needs access to the insurer's file maintained for the insured in order to discover facts to support a claim of bad faith. Implicit in an insurance company's handling of the claim is litigation or the threat of litigation that involves the advice of counsel. To permit a blanket privilege in insurance bad faith claims because of the participation of lawyers hired or employed by insurers would unreasonably obstruct discovery of meritorious claims and conceal unwarranted practices.

*Id.* at 244–45. An insurer may only overcome the presumption of discoverability by showing that its "attorney was not engaged in the quasi-fiduciary tasks of investigating and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own potential liability." *Id.*

### B. Interrogatories and Claim File

In its response, State Farm agreed to provide the requested information pertaining to interrogatories 7-10,[1] and maintains that all documentation pertaining to State Farm's evaluation of Mr. Teeter's claim has been produced. (Dkt. No. 19 at 4–5, 8.) However, in Plaintiff's reply, he states that State Farm has still not produced all of the documentation related to Mr. Teeter's claim. (Dkt. No. 22 at 5–6.) To the extent that all of the information has not been produced, the Court ORDERS State Farm to produce complete records related to reserves set throughout administration of the claim; all documents relating to evaluation of the underlying claim, information regarding each person who handled the claim, including each person's settlement authority on the dates the person worked on the claim; and the portions of the claim file not yet produced between May 6, 2015 and June 5, 2015, the date State Farm tendered payment of

---

[1] The Court would note that the subparts in each of Plaintiff's interrogatories relate to the same topic, and thus are not "discrete separate subjects," which would count towards Plaintiff's interrogatory limit. Fed. R. Civ. P. 33. Plaintiff has therefore propounded 10 interrogatories, not more than 25.

$25,000 to Plaintiff.[2]

### C. Attorney-Client Privilege and Work-Product Protection

Defendant claims that the internal report created on April 7, 2015 and related documents which addressed the issue of the consent judgment, assignment of rights, and excess assurance protection letter, are covered by work-product protection. (Dkt. No. 19 at 2, 5–8.) State Farm contends that these internal reports were made because of the "threat of bad faith litigation," (Dkt. No. 19 at 2), and therefore, under *United States v. Richey*, 632 F.3d 559, 567–68 (9th Cir. 2011), they had a dual purpose and are protected from discovery, notwithstanding *Cedell*. (Dkt. No. 19 at 5–7.)

However, what Defendant fails to acknowledge is that the reason the report had to be made is not because of the possibility of a bad faith lawsuit, but because its insured's claim was still open more than four years from the date of the accident. (Dkt. No. 1-2 at 1; Dkt. No. 19 at 2.) Specifically, the report concerned whether State Farm should issue an excess assurance protection letter to Mr. Teeter. (Dkt. No. 18 at 94.) The report briefly mentions the offer to settle which included assignment of Mr. Teeter's bad faith claim. (*Id.* at 95.) To hold that an insurance company's work product is protected because there is a possibility of a bad faith lawsuit, especially prior to the claim being settled, creates a perverse incentive for insurance companies to act in bad faith. An insurance company cannot create the necessity of a bad faith lawsuit, and then protect itself from discovery by claiming the prospect of bad faith litigation. *See Cedell*, 295 P.3d at 245 ("The time-worn claims of work product and attorney-client privilege cannot be invoked to the insurance company's benefit where the only issue in the case is whether the company breached its duty of good faith in processing the insured's claim.") (quoting *Silva v. Fire Ins. Exch.*, 112 F.R.D. 699, 699-700 (D. Mont. 1986)). This runs counter to the case law in

---

[2] The Court would caution State Farm against refusing to provide discovery based on the name of the file containing the sought after materials. The claims handling information is discoverable whether it be labeled "claim file," "enterprise claims system," or anything else.

Washington regarding bad faith discovery disputes and public policy. *See, e.g.*, *id.*; *Bagley v. Travelers Home and Marine Ins. Co.*, 2016 WL 4494463, at *4–6 (W.D. Wash. Aug. 25, 2016); *Meier v. Travelers Home and Marine Ins. Co.*, 2015 WL 4447050, at *3 (W.D. Wash. Aug. 24, 2016) (finding that even if a document were work product, under *Cedell*, a plaintiff would have a substantial need to review the document in order to prepare her bad faith case). Furthermore, if Plaintiff shows he has a substantial need for the work-product to prepare his case, "discovery of everything but the mental impressions, conclusions, opinions, or legal theories of counsel may be ordered." *Meier*, 2016 WL 4447050, at *3. As such, this Court will not allow State Farm to use bad faith as both a sword and shield.

State Farm also claims attorney-client privilege for communications made regarding the reasonableness hearing and the IFCA notice letter it received on May 29, 2015. The Court agrees that attorney-client communications regarding the reasonableness hearing and responding to the IFCA letter[3] are not quasi-fiduciary tasks, and to the extent they do not relate to the administration of Mr. Teeter's claim, may be protected. However, communications and work product regarding the reservation of rights letter drafted by State Farm's counsel relates to claim administration, and are not protected.

Plaintiff's motion to compel discovery responses is GRANTED in part. All claim-related documents created prior to June 5, 2015, the date State Farm tendered $25,000 to Plaintiff, are discoverable. Plaintiff's motion to compel discovery responses is DENIED as to attorney-client communications regarding the reasonableness hearing and responding to the IFCA letter only. For attorney-client communications and work-product prepared in anticipation of this bad faith

---

[3] Plaintiff cites to *Bagley* for the proposition that responding to an IFCA notice letter is a quasi-fiduciary task pertaining to claim administration. However, *Bagley* is distinguishable because there, the defendant construed a letter from the plaintiff as an IFCA notice letter. This Court stated that even if it were an IFCA notice letter, it was also a demand for coverage, and the subsequent denial letter was a quasi-fiduciary task and subject to discovery. *Bagley*, 2016 WL 4494463, at *2.

litigation occurring after May 29, 2015 which State Farm feels are privileged, it shall provide a detailed privilege log of the authors, the specific material to be protected or redacted, and the reason for invoking the privilege.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel discovery responses (Dkt. No. 17) is GRANTED in part and DENIED in part. State Farm has 14 business days from the issuance of this order to comply.

DATED this 6th day of December 2016.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE