THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY W. HOPKINS, | CASE NO. C15-2014-JCC |
| Plaintiff, | ORDER |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for partial summary judgment (Dkt. No. 28). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I.   BACKGROUND

Michael Teeter (Teeter) caused a car crash on January 7, 2011, injuring Plaintiff Anthony Hopkins. (Dkt. No. 28 at 2.) At the time, Teeter held a third-party automobile insurance policy from Defendant State Farm Mutual Automobile Insurance Company. (*Id.*) On July 11, 2013, Plaintiff filed suit against Teeter in superior court to recover damages for his crash-related injuries. (*Id.*) Teeter eventually signed a settlement agreement in which he assigned Plaintiff "all rights, privileges, claims and causes of action that he may have against his insurer or affiliated

companies, and their agents." (*Id.*) Although the agreement did not specifically enumerate the right to bring an Insurance Fair Conduct Act (IFCA) claim, it provided that the assignment "includes but is not limited to" a specific list of Teeter's privileges, claims, and causes of action. (*Id.*)

After Teeter settled the case and assigned his rights to Plaintiff, Plaintiff sued Defendant for negligence, breach of contract, breach of duty of good faith, breach of fiduciary duty, the unreasonable denial of liability benefits under IFCA, and breach of the Consumer Protection Act. (Dkt. No. 10 at 10–13.) Defendant now moves for partial summary judgment on the IFCA claim, arguing that Plaintiff lacks standing because (1) Teeter did not expressly assign Plaintiff the right to bring an IFCA claim, (2) IFCA claims cannot arise out of third-party insurance coverage, and (3) Defendant fulfilled all of its obligations to Teeter. (Dkt. No. 28 at 1–8.)

## II.     DISCUSSION

### A.      Legal Standard

#### 1.      Summary Judgment

The Court shall grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and that the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court views the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of a case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89

1  (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a
2  showing sufficient to establish the existence of an element essential to that party's case, and on
3  which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317,
4  324 (1986).

### 2. Contracts and Settlements

District courts apply the law of the governing state when adjudicating controversies that arise out of state law. *See Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1223 (9th Cir. 2015). In Washington, settlement agreements are interpreted the same way as other contracts. *McGuire v. Bates*, 234 P.3d 205, 206–07 (Wash. 2010). "The entire contract must be construed together in order to give force and effect to each clause," and be enforced "as written if the language is clear and unambiguous." *Wash. Pub. Util. Dists. Utils. Sys. v. Dist. No. 1 of Clallam Cnty.*, 771 P.2d 701, 705 (Wash. 1989). If, on the other hand, "a policy provision on its face is fairly susceptible to two different but reasonable interpretations, the policy is ambiguous and the court must attempt to discern and enforce the contract as the parties intended." *Transcon. Ins. Co. v. Wash. Pub. Utils. Dists. Util. Sys.*, 760 P.2d 337, 340 (Wash. 1988).

Washington courts attempt to determine the parties' intent by examining their objective manifestations as expressed in the agreement. *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 115 P.3d 262, 264–66 (Wash. 2005). Generally, the parties' subjective intent is irrelevant if the court can "impute an intention corresponding to the reasonable meaning of the actual words used." *Id.* at 262. "Unilateral or subjective purposes and intentions about the meanings of what is written do not constitute evidence of the parties' intentions." *Lynott v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 871 P.2d 146, 149 (Wash. 1994).

### 3. Insurance Fair Conduct Act

IFCA creates a private right of action against an insurer that either (1) unreasonably denies a claim for coverage or payment of benefits, or (2) violates one of several enumerated regulations set forth by the Washington State Office of the Insurance Commissioner. Wash. Rev.

Code § 48.30.015(1), (5); *Merrill v. Crown Life Ins. Co.*, 22 F. Supp. 3d 1137 (E.D. Wash. 2014). IFCA expressly confers this right of action only to a "first-party claimant." Wash. Rev. Code § 48.30.015. Under the statute, a "first-party claimant" is defined as "an individual, corporation, association, partnership, or other legal entity asserting a right to payment as a covered person under an insurance policy or insurance contract arising out of the occurrence of the contingency or loss covered by such a policy or contract." Wash. Rev. Code § 48.30.015(4). Interpreting the statute, this Court has held that it "confers a right of action to first-party claimants whether under a first-party or third-party insurance contract." *Navigators Specialty Ins. Co. v. Christensen Inc.*, 140 F. Supp. 3d 1097, 1102 (W.D. Wash. 2015).

### B. Standing to Bring an IFCA Claim

#### 1. Settlement Agreement

Defendant asks the Court to interpret the settlement contract to say that Teeter did not assign his rights to bring an IFCA claim because the settlement agreement does not expressly assign the right. (Dkt. No. 28 at 5–8.) Defendant also argues that Teeter's deposition testimony shows that he never intended to assign the rights to an IFCA claim. (*Id.*) Plaintiff disagrees, arguing that that Defendant's reading would nullify key language in the contract designed to confer broad rights to Plaintiff. (Dkt. No. 31 at 8–13.)

As an initial matter, the Court addresses the parties disagreement on whether the Court should look to Teeter's deposition testimony to determine whether he meant to assign his right to bring an IFCA claim. (Dkt. No. 31 at 9; Dkt. No. 28 at 6.) Defendant argues that Teeter's testimony shows he did not intend to assign rights to an IFCA claim. (Dkt. No. 28 at 6.) Plaintiff counters that this is an improper use of parol evidence, and further, even if the use is proper, that Teeter's deposition testimony shows the opposite. (Dkt. No. 31 at 9–11.)

Washington courts prohibit the use of parol evidence that only shows one party's subjective intent behind the words in a contract. *See Lynott*, 871 P.2d at 149 ("Unilateral or subjective purposes and intentions about the meanings of what is written do not constitute

evidence of the parties' intentions"). Courts cannot admit parol evidence to add to, modify, or contradict the terms of a written contract, in the absence of fraud, accident, or mistake. *Id*. Defendant has made no such showing. Therefore, the Court will not consider the deposition testimony and evaluates only the settlement agreement for the objective manifestations of the parties' intent as expressed within it.

While the agreement does not expressly assign an IFCA claim, it does assign "all rights, privileges, claims and causes of action that he may have against his insurer or affiliated companies, and their agents." (Dkt. No. 28 at 2.) This unambiguous language includes any potential claims Teeter had the right to assign. Defendant's argument that claims must be expressly listed contradicts the clause that says the assignment "includes but is not limited to" other expressly listed claims. (*Id*.) The Court does not interpret the contract as assigning any less than "all rights, privileges, claims and causes of action that [Teeter] may have against his insurers." (Dkt. No. 29-1 at 4.) This includes IFCA claims. Accordingly, the Court holds that Teeter assigned Plaintiff his right to bring an IFCA claim.

### 2. Third-Party Claims

Defendant argues that summary judgment is appropriate because Plaintiff cannot be a "first-party claimant" due to the fact that his claim arises out of a third-party insurance contract. (Dkt. No. 28 at 7.) Plaintiff disagrees, arguing that this Court previously rejected the same argument in *Navigators*. (Dkt. No. 31 at 13.)

In *Navigators*, this Court examined varied decisions from the Western District on the question of IFCA's applicability in the third-party insurance coverage context. 140 F. Supp. 3d at 1099. There, this Court concluded "that the IFCA, as written and intended, confers a right of action to first-party claimants whether under a first-party or third-party insurance contract." *Id*. at 1102.

Defendant first argues that *Navigators* is distinguishable because it did not involve a cause of action granted by assignment. (Dkt. No. 28 at 8.) This argument fails because, in both

cases, the right to sue was transferred through a valid instrument. *See Navigators*, 140 F. Supp. 3d at 1097 (holding that the plaintiff could bring an IFCA claim against an insurance company which agreed to defend Plaintiff as an "additional insured"). Defendant does not explain why the assignment process is or should be legally distinguishable from the relationship in *Navigators*.

Defendant next argues that this case is distinguishable because it involves an insurer who allegedly refused to meet the terms of Teeter's insurance policy, whereas *Navigators* involved an insurer who failed to pay its client's legal costs. (Dkt. No. 28 at 9.) This Court disagrees. The rule in *Navigators* turns on whether there is a third-party insurance contract, not on the nature of the breach. *Navigators*, 140 F. Supp. 3d at 1097.

Plaintiff had a right to sue under IFCA even though the right came from a third-party insurance contract. *Navigators*, 140 F. Supp. 3d at 1101 ("[IFCA] confers a right of action to first-party claimants whether under a first-party or a third-party insurance contract"); *see also City of Bothell v. Berkley Reg'l Specialty Ins. Co.*, 2014 WL 5110485, at *10 (W.D. Wash. Oct. 10, 2014) ("Regardless of whether the policy provides first-party coverage . . . or third-party coverage . . . IFCA provides anyone who has a right to file a claim under the insurance policy . . . with a cause of action against the insurer for unreasonable coverage denials."); *Workland & Witherspoon, PLLC v. Evanston Ins. Co.*, 141 F. Supp. 3d 1148 (E.D. Wash. 2015) (same); *Cedar Grove Composting, Inc. v. Ironshore Specialty Ins., Co.*, 2015 WL 3473465, at *6 (W.D. Wash. June 2, 2015) ("With respect to at least Cedar Grove's claim for defense costs, it is a claimant asserting a right to payment arising out of an insured contingency—the filing of a covered lawsuit against it."). While the facts of *Navigators* differ from those here, the Court pointed out that "in the context of discussing the intended scope of the IFCA's right to sue, legislators used the example of an auto-insurance policy; a quintessential example of third-party coverage." *Id*. This case presents a first-party claimant (Teeter) under a third-party automobile insurance contract and the Court sees no reason to deviate from *Navigators*. Teeter had a right to

sue Defendant under IFCA, and that right was assigned to Plaintiff. Plaintiff therefore has the right to bring an IFCA claim.

### 3. Fulfillment of Defendant's Obligations

Finally, Defendant argues that even if Teeter could transfer the right to bring an IFCA claim, it is entitled to summary judgment because it fulfilled the terms of Teeter's liability insurance. (Dkt. No. 28 at 7–9.) To succeed, Defendant must show that there are no genuine issues of material fact as to whether Defendant unreasonably denied a claim for coverage or payment of benefits. Fed. R. Civ. P. 56(a); *see also* Wash. Rev. Code § 48.30.015(1), (5).

Plaintiff has presented evidence demonstrating that Defendant refused to respond to Plaintiff's policy limit demand letters even though (1) Defendant had conceded Teeter's liability, (2) the medical evidence supported causation, and (3) the stipulated medical costs substantially exceeded Teeter's $25,000 policy. (Dkt. No. 29-1 at 4–5.) Viewed in the light most favorable to the non-moving party, a jury could conclude that Defendant acted in bad faith while handling Teeter's claim.

## III.  CONCLUSION

For the foregoing reasons, Defendant's motion for partial summary judgment (Dkt. No. 28) is DENIED.

DATED this 6th day of March, 2017.

_____

John C. Coughenour
UNITED STATES DISTRICT JUDGE